United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Frank Barracco,　　　　　　　　　　　　　　　　　　　　Case No. 09-59390-R
　　　　　　　Debtor.　　　　　　　　　　　　　　　　　Chapter 7
_____/

Opinion Regarding Debtor's Motion to Enforce Order

The debtor, Frank Barracco, filed this motion to enforce order. Creditor JP Morgan Chase Bank filed an objection, as did the trustee, David Allard. The Court conducted a hearing on October 15, 2012, and took the matter under advisement.

I.

In March 2005, DelVallo Construction borrowed $1.6 million from Chase for the purchase of 23 vacant lots in Macomb County. Barracco, the sole shareholder of DelVallo, executed a personal guaranty on the loan. Chase obtained a mortgage on all of the lots.

In November 2006, DelVallo paid the 2005 loan in full with cash and a new loan from Chase in the amount of $1.2 million. Barracco did not personally guaranty this loan. DelVallo defaulted on this loan in 2007. At the time, the balance due was $960,000.

In September 2007, Chase filed suit against Barracco in Macomb County Circuit Court. Chase then commenced foreclosure proceedings and purchased all of the remaining vacant lots for $470,000.

Barracco did not respond to the Macomb County complaint and a default judgment was entered against him in the amount of $1,014,627.70.

In March 2008, Chase filed a complaint against DelVallo in Macomb County Circuit Court

seeking a deficiency judgment of $480,000.

In December 2008, Chase, Barracco and DelVallo agreed to submit to binding arbitration in both the DelVallo case and the Barracco case.

On April 21, 2009, the arbitrator issued an award in favor of Chase and against DelVallo, only, in the amount of $168,846.04.

Chase filed a petition to confirm the arbitration award and sought to have the award increased to $665,437.22 and judgment entered against both DelVallo and Barracco. While that motion was pending, Barracco filed for chapter 7 relief. Chase filed a proof of claim in the amount of $220,577.47. The debtor objected to the proof of claim.

On February 9, 2010, the Court entered an order overruling Barracco's objection to Chase's proof of claim. Barracco filed a motion for reconsideration, which the Court denied on February 22, 2010.

Barracco filed an appeal to the district court. On August 3, 2011, the district court reversed this Court's order after concluding that the state court determined the default judgment against Barracco had been extinguished and Chase did not have a deficiency claim against Barracco. On appeal, the 6th Circuit affirmed the district court's judgment.

On September 5, 2012, Barracco filed the present motion to enforce the order of the district court. Barracco contends that the proof of claim filed by Chase relies upon the default judgment. However, because the district court found that the default judgment was extinguished by the arbitration award, Barracco argues that Chase has no claim against him. Barracco further contends that res judicata bars Chase from asserting a claim based on a new theory of liability.

Chase requests an opportunity to amend its proof of claim and argues that it is not precluded

2

09-59390-wsd    Doc 70    Filed 12/03/12    Entered 12/03/12 16:08:10    Page 2 of 5

by res judicata from doing so. It contends that the lawsuits it filed in state court were breach of contract suits. However, actions that it might have based on piercing the corporate veil or for fraudulent transfers did not arise out of the breach of contract and therefore are not barred by res judicata. Chase contends that it only became aware that it had possible alter ego or fraudulent transfer claims after Margherita Barracco, the debtor's wife, testified at the creditor's exams in September and December of 2008.

II.

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). Michigan employs a "broad view of res judicata," *In re MCI Telecommunications Complaint*, 460 Mich. 396, 431, 596 N.W.2d 164, 183 (1999), that "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Abbott*, 474 F.3d at 331 (quoting *Adair v. State*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (Mich. 2004)). Res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (internal quotation marks omitted).

Barracco first contends that any claim Chase might assert to pierce the corporate veil is barred by res judicata. "Piercing the corporate veil is an equitable doctrine that may fasten liability in a derivative manner to a nondebtor." *Kostopoulos v. Crimmins*, 2011 WL 6848354 (Mich. Ct. App. Dec. 29, 2011) (citing *RDM Holdings, LTD v. Continental Plastics Co*, 281 Mich. App 678, 709; 762 NW2d 529 (2008). In *Kostopoulos*, the Michigan Court of Appeals explained that a claim

3

to pierce the corporate veil cannot be barred by res judicata because it is not a separate cause of action:

> While no binding authority exists explicitly stating that piercing the corporate veil is not, by itself, a cause of action, such a cause of action has never been recognized in Michigan. We cannot find support for the proposition that piercing the corporate veil solely on an alter ego theory is in and of itself a cause of action. To the contrary, this Court has issued numerous unpublished opinions holding that a cause of action seeking to pierce the corporate veil, by itself, is not a cause of action recognized in Michigan. The Sixth Circuit has also concluded that, in Michigan, an action to pierce the corporate veil is not a separate cause of action. *In re RCS Engineered Products Co*, 102 F3d 223, 226 (6th Cir. 1996). The United States District Court for the Eastern District of Michigan has also opined that, under Michigan law, a claim seeking to pierce the corporate veil is not a cause of action, but rather, "a determination of whether multiple entities exist as separate entities or as mere alter egos of each other." *Aioi Seiki, Inc, v. JIT Automation, Inc*, 11 F Supp 2d 950, 953-954 (ED Mich. 1998). We conclude that piercing the corporate veil is not itself an independent cause of action, but rather, it is means of imposing liability on an underlying cause of action. Having concluded that plaintiff's piercing the corporate veil claim is not, by itself, a cause of action, the doctrine of res judicata cannot apply. As we indicated above, res judicata bars a subsequent cause of action between the same parties when the facts or evidence essential to the action are identical to those essential to a prior action. *Sewell*, 463 Mich. at 575. In the instant case, res judicata is inapplicable because piercing the corporate veil is not a "subsequent cause of action." *Id.*

*Kostopoulos* at *3 (citations and footnotes omitted).

Accordingly, res judicata does not bar Chase from asserting a claim to pierce the corporate veil.

With respect to Chase pursuing a possible fraudulent conveyance claim, MCR 2.621, which governs motions supplementary to judgment, states, in relevant part:

> (A) Relief Under These Rules. When a party to a civil action obtains a money judgment, that party may, by motion in that action or by a separate civil action:
>
> (1) obtain the relief formerly obtainable by a creditor's bill;
> (2) obtain relief supplementary to judgment under MCL 600.6101-600.6143 and

4

  (3) obtain other relief in aid of execution authorized by statute or court rule.

MCR 2.621.

  MCL § 600.6134, entitled Fraudulent Transfers, provides:

> Sec. 6134. For the purposes of this chapter a person is deemed to be indebted to the judgment debtor, although any debt in question has been assigned, charged or encumbered by the judgment debtor, if the assignment, charge or encumbrance is fraudulent as against creditors or is otherwise voidable.

Mich. Comp. Laws Ann. § 600.6134 (West)

  Thus, Michigan law contemplates fraudulent conveyance actions as a means of satisfying a judgment. Further, a fraudulent conveyance action would not have arisen from the same transaction as the breach of contract claim.

  Accordingly, the Court concludes that Chase is not precluded by the doctrine of res judicata from amending its proof of claim and the debtor's motion to enforce order is denied. Chase may file an amended proof of claim within 28 days. The debtor shall have 28 days after service of an amended proof of claim to file an objection under the procedures in the Court's local rules.

  This is not a final order.

Not for Publication.

**Signed on December 03, 2012**

                     **/s/ Steven Rhodes**
                     **Steven Rhodes**
                     **United States Bankruptcy Judge**